# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**DAVID ADAMS,**
**Claimant Below, Petitioner**

**FILED**
May 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-1016** (BOR Appeal No. 2051971)
(Claim No. 2012029112)

**NORTHERN CLEARING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Adams, by Robert Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Northern Clearing, Inc., did not file a response to the petition for appeal.

The issue on appeal is the addition of compensable components to the claim. On June 29, 2016, the claims administrator denied a diagnosis update request to add cervical disc displacement and lumbosacral spondylosis without myelopathy as compensable diagnoses in the claim. On April 17, 2017, the Workers' Compensation Office of Judges affirmed the claims administrator's decision to deny the request to add the additional components. This appeal arises from the Board of Review's Final Order dated October 20, 2017, in which the Board affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the petitioner's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the petitioner's brief, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Adams, a timber cutter, injured his right shoulder and upper back while cutting down trees for the employer on March 4, 2012.  Mr. Adams sought treatment at Med-Express Urgent Care, where he was diagnosed with a contusion of the shoulder and back. He participated in physical therapy for several months as a result of the injury, and he subsequently underwent surgery for his right shoulder at West Virginia University Hospitals.

1

In a report dated January 22, 2014, Sanford Emery, M.D., of West Virginia University Hospitals, noted that Mr. Adams had voiced complaints of cervical radicular pain into his left upper extremity since September 2013. Mr. Adams also stated during the examination that his neck has continued to hurt since his accident. He reported that he uses a cane to get around because of his back pain and leg pain. Mr. Adams stated that around September of 2013, he started having left arm pain, which did not bother him until that point. The pain goes into his triceps, lateral forearm, and into his middle and ring fingers. Dr. Emery listed Mr. Adams's pain as cervical radicular pain. Mr. Adams was anxious to know whether he had suffered a cervical disc herniation. Dr. Emery noted that surgery might help to alleviate some of Mr. Adams's arm pain. However, Dr. Emery cautioned that there would be no guarantee that the arm pain would go away. Dr. Emery ordered a cervical MRI without contrast and scheduled Mr. Adams for another appointment in order to discuss the findings of the MRI.

A Diagnosis Update form dated June 24, 2015, was submitted by Mr. Adams in an attempt to add cervical herniated disc and lumbar spondylosis as compensable diagnoses in the claim. The form was signed by Gary Barcinnas, PA-C, who diagnosed Mr. Adams with a cervical herniated disc and lumbar spondylosis. When asked to provide clinical findings on which the current diagnosis is based and how his present condition is related to the compensable injury, Mr. Barcinnas simply stated, "neck, low back pain – chronic."

On June 29, 2016, the claims administrator denied Mr. Adams's request to update his diagnosis to include cervical disc displacement and lumbosacral spondylosis without myelopathy. The claims administrator denied the request because the Diagnosis Update form does not contain clinical findings relating such conditions to the compensable injury in the claim. The claims administrator also stated that the findings of the Diagnosis Update are too dated for the condition requested. The claims administrator noted that nine months had elapsed between the findings and the request. Mr. Adams protested the claims administrator's decision.

The record contains treatment notes from Advanced Pain and Rehab Clinic in Bridgeport, West Virginia. Ahmed Mahmoud, M.D., performed a cervical examination on July 27, 2016, and reported that Mr. Adams was experiencing severe tenderness at the cervical spine and paraspinal area. His range of motion had decreased in all movement planes. Dr. Mahmoud diagnosed Mr. Adams with prolapsed cervical intervertebral disc, cervical radiculopathy, degeneration of the cervical intervertebral disc, and myofascial pain dysfunction syndrome. Mr. Adams again treated with Dr. Mahmoud on August 10, 2016. Once again, Dr. Mahmoud's assessment was prolapsed cervical intervertebral disc, cervical radiculopathy, degeneration of the cervical intervertebral disc, and myofascial pain dysfunction syndrome. Dr. Mahmoud referred Mr. Adams for an IT Morphine pump evaluation.

On October 13, 2016, Mr. Adams testified at deposition that he was cutting trees down for a pipeline when a tree limb hit him in the back and knocked him to the ground. He hit his arm on a locust tree during the incident and developed pain in his right shoulder and lower back. He later developed pain in his neck and left shoulder following surgery on his right shoulder. Mr. Adams testified that he continues to have pain in his neck and left arm.

In an Order dated April 17, 2017, the Office of Judges concluded that Mr. Adams failed to show by a preponderance of evidence that his requested diagnoses are causally related to his compensable injury of March 4, 2012. Specifically, the Office of Judges held that there is no medical evidence to support a causal relationship between the diagnosis of cervical herniated disc and the compensable injury. In regard to the requested diagnosis of lumbosacral spondylosis, the Office of Judges also reasoned that there is no medical evidence to support a finding that the diagnosis is causally related to the compensable injury. The only medical evidence of record pertaining to the diagnosis of lumbosacral spondylosis is the treating physician's diagnosis update form of June 24, 2015. However, the Office of Judges noted that Mr. Adams's treating physician does not explain how the diagnosis of lumbosacral spondylosis is related to the compensable injury, nor does he provide any clinical findings to support the requested diagnosis. Because the Office of Judges did not find a causal connection to the compensable injury, the claims administrator's Order of June 29, 2016, was affirmed.

The Board of Review adopted the findings and reasoning of the Office of Judges and affirmed its Order. After reviewing the evidence of record, we agree with the decision of the Board of Review. The evidence is insufficient to conclude that the requested diagnoses are causally related to Mr. Adams's compensable injury of March 4, 2012.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker